IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMY PALERMO                                                              PLAINTIFF

v.                          Case No.: 4:11-cv-00913-BSM

ARKANSAS HOMECARE OF HOT SPRINGS, L.L.C.,
d/b/a CENTRAL ARKANSAS HOMECARE
and LHC GROUP, INC.,                                                       DEFENDANTS

**STIPULATED PROTECTIVE ORDER**

The Court, having reviewed the stipulation and agreement for a Protective Order, makes the following Orders:

1. Confidential Information, as later defined herein, and obtained by counsel for either party in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except Qualified Persons, as herein defined.

2. Confidential Information shall be deemed to include, without limitation:

    (a) Documents containing confidential personal information, such as social security numbers, contact information, medical information, dates of birth, and information and other matters now requested or hereinafter requested by a party and such other information as may be deemed by this Court to be relevant or material herein.

    (b) Personnel information including, but not limited to, sensitive personnel information regarding employees of Defendants Arkansas Homecare of Hot Springs, LLC d/b/a Central Arkansas Homecare and LHC Group, Inc. ("Defendants") and personnel information regarding former employees and job applicants, including but not limited to, performance ratings, employee

4837-7118-7216.1                           1

compensation information, supervisory notes, medical records, discipline reports and information relating to employment policies;

(c) Non-public financial information and other information of Defendants that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information;

(d) Any information concerning such as set forth in 2(a) through 2(c) herein above as may be, from time to time, produced by a party and declared by the party at the time of production to be "Confidential Information" and subject to this Order, including any testimony, extracts and summaries prepared from such materials, and those portions of briefs, affidavits, memoranda, depositions, or other writings regarding such "Confidential Information." Materials that are being designated as confidential that do not fall into one of the specific categories named in Section 2(a) through 2(c) above, should be stamped confidential, or if Bates numbers are used, documents may be designated as confidential by bates number in a letter. A party may oppose a confidentiality designation in writing within 10 days of the designation, at which time the parties shall engage in a good faith effort to resolve the issue, and may move to remove the confidentiality designation if that fails.

3. Except with the prior written consent of both parties, or pursuant to further Order of this Court on motion with notice to both parties, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the Plaintiff and Defendants, any future counsel of record for either the Plaintiff or Defendants in this action, secretaries, para-professional assistants, experts, stenographic reporters engaged for depositions or other proceedings, any person(s) designated by the parties to attempt to resolve this case through alternative dispute resolution and other

employees of such counsel who would be actively engaged in assisting counsel in connection with this action, court personnel, witnesses at trial or deposition, and the jury. Upon request, Counsel for Plaintiff and Defendants shall exchange a list of Qualified Persons employed outside of either Counsels' firm (including, but not limited to, expert witnesses) who reviewed any confidential information as defined herein.

    4.    Upon delivery of Confidential Information to either party's counsel herein, the delivering party shall execute and submit to the receiving party's counsel a document entitled "Inventory of Confidential Documents Delivered" in the form affixed hereto as Exhibit 1. Documents containing confidential information shall be stamped or otherwise marked as confidential.

    5.    This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation. One year following the conclusion of this action, including all appeals:

    (a)    Counsel for Plaintiff and Defendants shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information, in whole or in part.

    (b)    Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding. Severe sanctions will attach to any person who discloses such in violation of this provision.

    6.    Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

    7.    Documents that are entirely confidential that may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal. Documents

containing confidential information may be filed in a redacted form so that those portions of the document containing confidential information will not be visible to the public. Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

8. Except as expressly provided herein, nothing in this Stipulated Protective Order is intended to limit or have the effect of limiting either party's right to make use of such information for any purpose or use permitted under the Federal Rules of Civil Procedure, the relevant Local Rules, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Stipulated Protective Order may be offered in evidence at trial or at any court hearing subject to such protective measure as may be directed by this Court. If this matter is tried before a jury, at a minimum, the Court will instruct the jury as to the protected and confidential nature of the information and order its non-disclosure.

9. Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document, or material by a party as "Confidential Information" shall, in this litigation, or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information meeting or not meeting the definition of Confidential Information in Paragraph 2, and its subparts, above. Upon discovery of an inadvertent non-designation, the discovering party will immediately notify the opposing party, and the information, document, or material identified will be treated as if it had been originally designated as Confidential Information, and will be subject to the terms of this Stipulated Protective Order. If a party produces multiple identical copies of a document (but with

different Bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

10.  The inadvertent production of any attorney-client privileged and/or work product protected document shall not necessarily constitute a general waiver of the privilege or protection; instead, a determination of whether the privilege has been waived or lost shall be made in accordance with the general rules governing attorney-client privilege and waiver of privilege.  If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney-client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

IT IS HEREBY ORDERED.

_Kristine G. Baker_
District Court Judge

APPROVED AS TO FORM:

/Luther Oneal Sutter/
Luther Oneal Sutter, Ark. Bar #95031
HARRILL & SUTTER, P.L.L.C.
Attorneys at Law
Post Office Box 2012
Benton, Arkansas 72018
501/315-1910 FAX 501/315-1916
luthersutter@yahoo.com
Attorneys for Plaintiff

And

/Alan L. Rupe/
Alan L. Rupe, Ark. Bar #2008115

4837-7118-7216.1                           5

KUTAK ROCK LLP
1605 North Waterfront Parkway
Suite 150
Wichita, Kansas 67206-6634
E-mail: alan.rupe@kutakrock.com
Attorneys for Defendants

## EXHIBIT 1

## INVENTORY OF CONFIDENTIAL DOCUMENTS PROVIDED

I hereby submit the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in <u>Tammy Palermo v. Arkansas Homecare of Hot Springs, L.L.C. d/b/a Central Arkansas Homecare and LHC Group, Inc.</u>, filed in The United States District Court for the Eastern District of Arkansas, Western Division, No. 4:11-CV-00913-BSM.

(list all documents, pages, and depositions submitted below:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DATED: _____ SIGNATURE: _____