**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TAMMY PALERMO**                                                              **PLAINTIFF**

v.                                   **No. 4:11-cv-00913 KGB**

**ARKANSAS HOMECARE OF HOT SPRINGS, LLC**
**d/b/a CENTRAL ARKANSAS HOMECARE**
**and LHC GROUP, INC.**                                         **DEFENDANTS**

**ORDER**

Before the Court is defendants' motion for a protective order specifying the sequence and timing of depositions (Dkt. No. 23) and defendants' motion to extend time to conduct depositions (Dkt. No. 35). The Court conducted a telephone conference on the pending motions on September 10, 2012, during which plaintiff made an oral motion for continuance and a new scheduling order. Defendants do not oppose the motion for continuance and a new scheduling order.

Plaintiff filed this action in the Circuit Court of Saline County, Arkansas, on August 19, 2011, and the defendants removed it to this Court on December 29, 2011. By email dated January 5, 2012, counsel for defendants notified plaintiff's counsel that he would "be seeking to depose Plaintiff prior to scheduling any other depositions," and asked plaintiff's counsel to be prepared to discuss deposition dates at the parties' Rule 26(f) conference. The parties filed their joint Rule 26(f) report on March 21, 2012. The parties did not raise any discovery issues in their report, and the defendants never requested a scheduling conference pursuant to the Court's Initial Scheduling Order. The parties continued to confer for a period of months regarding the scheduling of depositions. When they failed to reach an agreement, defendants filed their motion for protective order.

The defendants contend that plaintiff should sit for deposition first because her deposition is "necessary to establish the contours of discovery and inform subsequent deponents of the basis for Plaintiff's claims." Discovery issues like the present one should be raised in the parties' Rule 26(f)

Report. Had the parties indicated in their 26(f) Report that they were having trouble scheduling depositions, the Court could have addressed the issue by conducting a Rule 16 scheduling conference. *See* Dkt. No. 7; Fed. R. Civ. P. 16(c)(2)(F) ("At any pretrial conference, the court may consider and take appropriate action on the following matters: controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 . . . ."). Moreover, defendants could have noticed plaintiff's deposition and filed a Rule 37 motion in the event she failed to attend. No depositions have been set by notice or agreement in this case. Defendants request Court involvement in setting the sequence of discovery in part based on claims that plaintiff's pleadings and discovery responses have been deficient, with the suggestion plaintiff's deposition is necessary to correct these deficiencies. Defendants, however, filed no motions to dismiss or, in the alternative, for more definite statement based on the operative amended complaint and filed no motions to compel related to plaintiff's discovery responses. The Court is reluctant to involve itself in the parties' discovery matters, especially when procedurally positioned in this way. For these reasons, defendants' motion for protective order specifying the sequence and timing of depositions at this time (Dkt. No. 23) is denied.[1]

Defendants' motion to extend time to conduct depositions (Dkt. No. 35) and plaintiff's oral motion for continuance of the trial date and for a new scheduling order are granted. The Court will set a new trial date and issue a new scheduling order by separate order.

SO ORDERED this 10th day of September, 2012.

_____
Kristine G. Baker
United States District Judge

---

[1] Plaintiff's response requests fees incurred in having to defend against the motion for protective order. During the telephone conference, plaintiff withdrew that request.